AO 472  (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
GARY WILLIAMS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 07-30009

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is 51 years old, married, and a long time resident of this District. He works for Mr. X Construction as a laborer earning $1,500 a month. He lives in a home valued at $240,000, and he owes $198,000 on a mortgage. He tested positive for opiates and benzodiapines, although he has previously participated in a court-ordered substance abuse out-patient treatment program in 2000. Defendant has one warrant for failing to appear at a traffic court hearing, and two outstanding warrants for failure to appear for scheduled arraignments. He has been cited for 15 traffic violations, four of which are for failure to comply with traffic court judgments. He has two felony drug convictions, (one heroin, one cocaine) and one weapons conviction. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| January 8, 2007 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

07-30009 USA V GARY WILLIAMS                                          PAGE 2

On the later drug conviction (cocaine) defendant violated the terms of his parole and on 6/5/95 was sentenced to an additional 1, 217 days custody.  In 2000 this Defendant was found guilty of fleeing from a Police Officer.  On 10/5/06 he was charged with felony assault with a dangerous weapon.  The charges were dismissed when the victim, Defendant's nephew, refused to testify against his uncle.

   Third party custody to his wife is not feasible as she is a potential target in the instant case.  Because defendant poses a risk of flight by a preponderance of the evidence  (13 outstanding warrants, one conviction for fleeing a police officer) and poses a danger to the community by clear and convincing evidence (5 prior convictions; of the six firearms involved in the instant case, 2 have been used in separate shootings, one in Pittsburgh and one in Detroit) , there is no combination of conditions which would assure the safety of the community or the appearance of this Defendant.  Therefore Detention is Ordered.