UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY PHILLIP WILLIAMS,

    Petitioner,

vs.

Case No. 09-CV-11461
HON. GEORGE CARAM STEEH
Crim. No. 07-CR-20022

UNITED STATES OF AMERICA,

    Respondent.

_____/

ORDER DISMISSING § 2255 PETITION (#37), AND
DENYING CERTIFICATE OF APPEALABILITY

    Petitioner Gary Phillip Williams filed a 28 U.S.C. § 2255 motion on April 17, 2009 seeking relief from his August 15, 2007 sentence of 71 months imprisonment, following his plea-based conviction for felon in possession in violation of 18 U.S.C. § 922(g)(1). The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

    The fact that Williams pled guilty and failed to pursue an appeal severely limits the availability of collateral attack under Section 2255. When a defendant has pled guilty, his conviction may be collaterally attacked only in strictly limited circumstances. <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." <u>Mabry v. Johnson</u>, 467 U.S. 504, 508 (1984) (footnote omitted). "And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." <u>Bousley</u>, 523 U.S. at 621.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in *habeas* only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977), or that he is 'actually innocent,' Murray, 477 U.S. at 496; Smith v. Murray, 477 U.S. 527, 537 (1986)." In this case, Williams is asserting actual innocence.

To establish actual innocence, a petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousely, 523 U.S. at 623. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Id. As a matter of law, an unconditional plea of guilty waives all non-jurisdictional defects and operates as an admission of actual and factual guilt." See United States v. Broce, 488 U.S. 563, 574-75 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Williams contends that he was not a convicted felon for purposes of 18 U.S.C. § 922(g) because his rights were restored by operation of law under Froede v. Holland Ladder & Mfg. Co., 207 Mich. App. 127, 523 N.W.2d 849 (1994), which held that a convicted felon's right to vote in Michigan is restored at the expiration of his sentence. The Sixth Circuit, however, has held that "the Froede rule" does not serve as a bar to felon-in-possession prosecutions under 18 U.S.C. § 922(g)(1) unless - separate and apart from the expiration of defendant's sentence - the defendant then made "application to the concealed weapons licensing board for the county in which he resides," as required under Michigan law for "restoration of the right to possess firearms under M.C.L. § 28.424 . . . ." U.S. v. Ormsby, 252 F.3d 844, 850 (6th Cir. 2001).

Williams has not presented any evidence to support his claim that he sought or

2

secured the restoration of his right to possess firearms under Michigan law.  A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit.  Loum v. Underwood, 262 F.2d 866, 867 (6th Cir. 1959).  Williams' allegations in his petition are insufficient to prove that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousely, 523 U.S. at 623.

For the reasons set forth above, Gary Williams' petition for relief under § 2255 is hereby DENIED, and his petition is hereby DISMISSED.  Before petitioner may appeal this court's decision, a certificate of appealability must issue.  28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner has made no such showing.  Accordingly, a certificate of appealability is also hereby DENIED.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 16, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk